**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-5139**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

PHONEPADITH THADSAMANY,

              Defendant – Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:06-cr-00178-FDW-CH-4)

_____

Submitted:  December 19, 2008      Decided:  January 15, 2009

_____

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Richard A. Culler, CULLER & CULLER, P.A., Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phonepadith Thadsamany appeals from his conviction and 150-month sentence imposed following a jury trial on charges of conspiracy to possess with intent to distribute Ecstasy and possession and attempted possession with intent to distribute Ecstasy, 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2007), and 18 U.S.C. § 2 (2006). On appeal, he contends that the district court erred by admitting evidence of threats against a coconspirator's girlfriend and son, that the district court erred by denying his motion for judgment of acquittal, and that the sentence imposed was unreasonable. Finding no error, we affirm Thadsamany's conviction and sentence.

The evidence showed that Somlet Sisouk arranged to purchase 5000 Ecstacy pills from Kongmany Sibounheung. Sibounheung contacted Thadsamany and arranged to purchase 10,000 Ecstacy pills from him in order to provide half to Sisouk and half to another buyer. Thadsamany and Sibounheung were arrested when they were on the way to meet Sisouk.

Over Thadsamany's objection, the court allowed the government to present evidence from Sibounheung's girlfriend that, three weeks after Thadsamany and Sibounheung were arrested, three men came to her workplace seeking to collect money that Sibounheung owed for "stuff" that was taken away. They threatened to hurt the girlfriend and her son if they did

2

not get the money.  Sometime after that, Sibounheung's car, which his girlfriend drove to work, was broken into and bags of clothes, a television and some items that Sibounheung had hidden in the car, were stolen.

The court found the evidence admissible as intrinsic evidence of the conspiracy, noting that "threats of violence, just like use of firearms are tools of the trade of drug trafficking."  The court also allowed the evidence as relevant to explain Sibounheung's fear about testifying and why he initially did not fully cooperate with the government.  We find no abuse of discretion in this ruling.  See Fed. R. Evid. 403; United States v. Rivera, 412 F.3d 562, 571 (4th Cir. 2005); United States v. Mohr, 318 F.3d 613, 618 (4th Cir. 2003); see also United States v. Thomas, 86 F.3d 647, 654 (7th Cir. 1996) (threat evidence is admissible if relevant to explain a witness' inconsistent statements).

Thadsamany next argues that the district court erred by denying his motion for judgment of acquittal because the evidence showed only that he was involved in a buyer-seller relationship, not a conspiracy.  Thadsamany did not raise this argument in his motion for acquittal in the district court; therefore, we review for plain error.  United States v. Higgs, 353 F.3d 281, 309 (4th Cir. 2003); see United States v. Stewart, 129 F. App'x 758, 766 (4th Cir. 2005).

Viewing the evidence in the light most favorable to the Government, we find that a rational factfinder could find the existence of a conspiracy beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996); see United States v. Yearwood, 518 F.3d 220, 226 (4th Cir. 2008) (quoting United States v. Mills, 995 F.2d 480, 485 n.1 (4th Cir. 1993)). Accordingly, there was no plain error by the court in allowing the case to go to the jury on the conspiracy charge. See United States v. Olano, 507 U.S. 725, 732-34 (1993).

Thadsamany's final contention is that the district court improperly applied the sentencing factors in determining an appropriate sentence. Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); see United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). When sentencing a defendant, a district court must: (1) properly calculate the guideline range; (2) treat the guidelines as advisory; (3) consider the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008); and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473. We presume that a sentence within the properly calculated sentencing guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding

4

application of rebuttable presumption of correctness of within guideline sentence).

The district court followed the necessary steps in sentencing Thadsamany. First, the court found, by a preponderance of the evidence, that Thadsamany was responsible for 10,000 pills. The court then properly determined Thadsamany's advisory guideline range of 121 to 151 months. The court noted that the guideline range is presumed to be reasonable and addressed what sentence would be sufficient, but not greater than necessary to accomplish the sentencing goals, and considerered the sentencing factors enumerated in § 3553(a). The court specifically addressed the need to promote respect for the law and provide just punishment, and the seriousness of the offense. Finally, the court determined that 150 months on each count, to run concurrently, would accomplish the sentencing goals of § 3553(a).

Although the court noted that the applicable guideline range was presumed on appeal to be reasonable, it did not stop the analysis there. See, e.g., Gall, 128 S. Ct. at 597 (noting that sentencing court may not presume that a within-guideline sentence is reasonable, but rather must "make an individualized assessment based on the facts presented"). Rather the court then appropriately addressed the § 3553(a) factors and determined what sentence would fulfill the sentencing goals.

5

We find that the district court followed the necessary steps in determining an appropriate sentence for Thadsamany and that the 150-month sentence, which is within the advisory guideline range, is reasonable. Accordingly, we find no abuse of discretion in Thadsamany's sentence.

Having reviewed the issues asserted on appeal and finding no error, we affirm Thadsamany's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED